E-FILED
Monday, 14 November, 2011 01:36:14 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NICHOLAS R. BAUER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 11-CV-3346 |
| | ) | |
| MICHELLE R.B. SADDLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Five Plaintiffs, proceeding *pro se* and currently detained in the Rushville Treatment and Detention Center, challenge the facility's decision to allow only those residents who have consented to sex offender treatment to participate in the health care unit's fitness group. Before the Court are Plaintiffs' petitions to proceed *in forma pauperis*.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if

1

such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time if the court determines that the action fails to state a claim." 28 U.S.C. § 1915(e)(1). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Since being transferred from Joliet's treatment center to Rushville's treatment center, Plaintiffs have steadily gained weight and are all now obese and suffering from attendant health problems such as high blood pressure and diabetes. Plaintiffs attribute their weight gain to two primary causes: 1) Defendants allegedly provide a 2,850 calorie per day diet, instead of a 2,000 calorie per day diet; and, 2) Defendants refuse to allow Plaintiffs to participate in a fitness group reserved for residents who have consented to sex offender treatment. The fitness group allegedly

3

meets frequently to work on exercise, diet, and other healthy lifestyle issues. Plaintiffs are still allowed several hours of yard time per day, but they contend that they need the guidance and instruction of the fitness group. Plaintiffs assert that refusing them membership in the group amounts to discrimination, an equal protection violation, and deliberate indifference to their serious medical needs.

## ANALYSIS

Conditioning privileges like the group fitness program on participation in sex offender treatment does not violate the equal protection clause, because the policy is rationally related to a legitimate interest in motivating participation in treatment. Sain v. Wood, 512 F.3d 886, 888 (7th Cir. 2008)(housing decisions based on participation in treatment were permissible as reward-incentive program). Thus, Plaintiffs state no claim for unconstitutional discrimination.

Nor do Plaintiffs state a claim for indifference to their health. Plaintiffs are free to exercise on their own during yard, in their rooms or in the dayrooms. Plaintiffs are also free to consume fewer calories. In

4

short, no plausible inference arises that Plaintiffs' conditions of confinement violate constitutional standards.

IT IS THEREFORE ORDERED:

1. Plaintiffs' petitions to proceed *in forma pauperis* are denied (d/e's 3, 4, 6, 7, 9) because they fail to state a federal claim for relief. The hearing scheduled for January 9, 2012, is cancelled as unnecessary. All pending motions are denied as moot, and this case is closed.

2. If Plaintiffs wish to appeal this dismissal, they must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiffs plan to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

ENTERED: November 14, 2011

FOR THE COURT:

           s/Sue E. Myerscough
           SUE E. MYERSCOUGH
         UNITED STATES DISTRICT JUDGE